■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR LEE ATKINS, Appellant.— Appeal from order of the County Court, Orange County, dated October 6, 1966, dismissed. No matter how denominated, the application under review sought only resentence; and an order denying such relief without a hearing is not appealable (*People* v. *Mysholowsky*, 27 A D 2d 573). However, we have examined the record and have considered appellant's contentions. If we were not dismissing the appeal, we would affirm the order. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM CADOGAN, Appellant.— Order of the Supreme Court, Queens County, dated April 18, 1967, affirmed. No opinion. In appellant's brief there is a request for a summary reversal of the order. Regardless of the procedural propriety of the request and the question whether it is properly before us on this appeal, we have examined the merits thereof and find no basis for that relief. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK B. CAMPBELL, Appellant.— Order of the Supreme Court, Queens County, dated July 15, 1966 and made on reargument, affirmed insofar as appealed from. No opinion. Appeal from order of said court dated June 27, 1966 dismissed as academic. That order was superseded by the order dated July 15, 1966. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT FERNANDEZ, Appellant.— Appeal by defendant from an order of the Supreme Court, Queens County, dated January 26, 1966, which, after a hearing, denied his *coram nobis* application to vacate a judgment of the former County Court, Queens County, rendered on March 28, 1958 after trial, convicting him of certain crimes and imposing sentence. Order affirmed. In a post-conviction *Huntley* hearing, the People have the burden of proving beyond a reasonable doubt that the confessions were voluntary (*People* v. *Williams*, 28 A D 2d 1080; *People* v. *Carter*, 28 A D 2d 1079; cf. *People* v. *Leonti*, 18 N Y 2d 384; *People* v. *Langert*, 44 Misc 2d 399, affd. 25 A D 2d 952; *People* v. *Del Hoyo*, 23 A D 2d 639). The Judge before whom the hearing was held gave no credence to defendant's testimony that he was threatened or coerced into making the statements. He found that all of the testimony taken together established beyond a reasonable doubt that the confessions were voluntary and he held " that the confessions were voluntary in nature as a matter of law and as a matter of fact." Upon this record we are required to accept the Judge's finding and determination and therefore we must affirm the order (*People* v. *Leonti, supra*). Beldock, P. J. Brennan, Rabin, Hopkins and Martuscello, JJ., concur.